[639 NYS2d 690]

In the Matter of ARTHUR E. BEYER (Admitted as ARTHUR EDWARD BEYER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 21, 1996

**APPEARANCES OF COUNSEL**

*Jorge Dopico* of counsel (*Hal R. Lieberman*, attorney), for petitioner.

*Arthur E. Beyer*, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Arthur E. Beyer was admitted to the practice of

law in the State of New York by the Second Judicial Department on March 22, 1967 as Arthur Edward Beyer. At all times pertinent to this proceeding, respondent was employed as a trust and estate administrator at a location within the First Judicial Department.

Respondent is charged with violating Code of Professional Responsibility DR 1-102 (A) (4), DR 6-101 (A) (3) and DR 9-102 (C) (3) (22 NYCRR 1200.3, 1200.30, 1200.46) by neglecting a legal matter entrusted to him, making misrepresentations to the Disciplinary Committee and to his client with respect to the legal matter, and by failing to maintain records for dividend checks that he had received on behalf of his client and failing to provide an appropriate accounting of the checks received.

The respondent admitted to the four charges and they were sustained by the Hearing Panel of the Disciplinary Committee.

In mitigation, respondent offered evidence of his marital problems, his depression and confusion due thereto, and he expressed remorse for his misconduct for which he took full responsibility. He claimed that he used his own funds to pay the tax due on the matter entrusted to him and for the checks which were unaccounted for.

The Hearing Panel recommended a sanction of suspension from the practice of law for a period of 18 months and recommended that respondent not be reinstated until he demonstrates his general fitness to practice law. The respondent does not contest the Panel's findings and recommendations and the Departmental Disciplinary Committee seeks an order confirming them.

Accordingly, respondent is suspended for a period of 18 months and he should not be reinstated until he demonstrates his general fitness to practice law.

SULLIVAN, J. P., ELLERIN, KUPFERMAN, ROSS and TOM, JJ., concur.

Petition granted, the Hearing Panel's report confirmed, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of 18 months, effective April 22, 1996, and until the further order of this Court.